FRANK & PRAY *v.* STAPLER *et al.*

SIMMONS, J.—Under the facts, as shown in the report of this case, there was no error in the refusal of the court below to grant an injunction therein.                          *Judgment affirmed.*
   April 8, 1889.

Receivers.  Injunction.  Practice in superior court. Before Judge HANSELL.  Brooks county.  At Chambers, February 21st, 1889.

The petition of Frank & Pray *et al.* alleged as follows : M. M. Stapler, of Florida, but now in Clinch county, Ga., is indebted to plaintiffs, and is insolvent and about to leave Georgia for Florida.   On December 15th, 1888, W. F. Lander, supreme accountant of the order of the Iron Hall, delivered to Stapler New York exchange for about $925, to wit, a check drawn by M. C. Davis, supreme accountant of said order, on the Fourth National Bank of New York, payable to M. M. Stapler.   Petitioners do not know what disposition has been made of the check, but they are advised and believe that Stapler delivered it either to F. J. Spain or to Clayton, Groover & Co. for collection.   Petitioners waive discovery and pray: (1) That Stapler be restrained from transferring or otherwise disposing of the check, or if already delivered to any one else, that he be restrained from transferring or otherwise disposing of any receipt or other acknowledgment given to him by the transferee ; that he be restrained from collecting from such transferee any money collected on the check; and if he has already received any draft or other thing of value thereon, that he be restrained from paying out the

same, except as directed by the court. (2) That the transferees of the check be restrained from delivering it or its proceeds to Stapler, or any other person, except as directed by the court. (3) That the Fourth National Bank be restrained from cashing the check to any one, except the receiver of this court. Petitioners further pray for a receiver, to whom shall be delivered the check or its proceeds, subject to the order of the court. Petitioners further pray for a receiver, to whom shall be delivered the check or its proceeds, subject to the order of the court. As orators apprehend the loss of their claims or some part thereof unless the court intervenes, they pray for general relief and process.

Complainants amended by alleging that the bill of exchange was delivered to Stapler late Saturday night, December 15th, 1888, and he left Quitman on the next day (Sunday) and went to the residence of Spain ; and that they are advised and believe that the bill of exchange was endorsed by Stapler and delivered to Spain on that Sunday. They charge that such delivery and endorsement did not pass the title to Spain or to Groover & Co. Spain and Groover & Co. answered as follows : Before the filing of complainant's bill and the granting of the restraining order, and without any notice of the intention of complainants to commence such a proceeding, Spain, for himself and the firm of Groover & Co. of which he was a member, purchased the check ($825) from Stapler for a valuable consideration, and without notice of the claim of claimants or either of them. The check was duly and properly endorsed by Stapler and delivered to Spain for himself and his firm before the commencement of this suit ; and at the time of the filing of complainant's bill, Spain and his firm were the absolute owners of the check, which was purchased without any notice of either of the claims. Re-

spondents deny that the check was delivered to them or either of them for collection.

The case was submitted to the judge upon the bill, amendment and answer. He revoked the restraining order and refused the application for a receiver, and the plaintiffs excepted.

D. W. ROUNTREE, by brief, for plaintiffs.

E. P. S. DENMARK, by brief, for defendants.